STATE OF CONNECTICUT *v.* KENNETH SPEIGHT
(6301)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued June 7—decision released June 23, 1988

*Jean Elmblad Blue,* special public defender, for the appellant (defendant).

*Mary H. Lesser,* deputy assistant state's attorney, with whom, on the brief, were *Susan C. Marks* and *Theodore R. Paulding,* deputy assistant state's attorneys, for the appellee (state).

PER CURIAM. The defendant is appealing his conviction, after a jury trial, of the crime of conspiracy to possess cocaine with intent to sell in violation of General Statutes §§ 21a-277 (a) and 53a-48.

The determinative issue is whether the trial court erred in denying the defendant's motion for a new trial based on the state's failure to disclose that a major witness, called by the state, had criminal charges pending against him. The defendant claims that the failure to disclose such charges violated the strictures enunciated in *Brady* v. *Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). The witness first testified for the defendant. Later, upon learning that the witness was a confidential police informant who had supplied information about the defendant to the police, the state called him as a rebuttal witness. The state denied that it had intentionally withheld any information disclosable under *Brady.*

After a full evidentiary hearing on the defendant's motion for a new trial, the trial court found no *Brady* violation and denied the motion. Our review of the record, transcripts and briefs fails to disclose that such

finding was clearly erroneous or that the decision was otherwise erroneous in law. Practice Book § 4061.

There is no error.